JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-226 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Benjamin Heard v. Molson Coors Beverage Co. USA, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    The Court is in receipt of a Notice of Removal filed by defendants Molson Coors Beverage Company USA, LLC (formerly known as MillerCoors LLC), Molson Coors USA LLC (formerly known as MillerCoors USA LLC), and Molson Coors Beverage Co. d/b/a MillerCoors LLC ("Removing Defendants"). Removing Defendants seek to remove to this Court the action filed by plaintiff Benjamin Heard ("Plaintiff") against Removing Defendants and defendants Tamara Orozco, Brett McQue, Cullen Jordan, and Tyler Ortiz (collectively, the "Individual Defendants"). Removing Defendants assert that this Court has jurisdiction over the action based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

    In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-226 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Benjamin Heard v. Molson Coors Beverage Co. USA, LLC, et al. | | |

members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges that defendant MillerCoors LLC, the prior name of defendant Molson Coors Beverage Company USA LLC, "is a limited liability company organized and existing under the laws of the State of Delaware. . . . None of [MillerCoors LLC's] members are citizens of California or Georgia, but, instead are citizens of one or more other states. As such, Defendant [MillerCoors LLC] was not and is not a citizen of California or Georgia for the purpose of determining jurisdiction." (Notice of Removal at ¶ 16.) The Notice of Removal makes similar allegations concerning the other Removing Defendants that are limited liability companies, and specifically, that "[n]one of [the] members [of Molson Coors Beverage Company USA LLC, MillerCoors USA LLC, and Molson Coors USA LLC] are citizens of California or Georgia, but, instead are citizens of one or more other states." (Notice of Removal at ¶¶ 17-19.) A defendant is presumed to know the facts surrounding defendant's own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal.").

Because Removing Defendants have only alleged that no member of the Removing Defendants is a citizen of California or Georgia, but has not alleged who the members are or where those members are citizens, Removing Defendants have not satisfied their burden when seeking to remove an action to affirmatively allege the citizenship of the parties. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). See also, Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership). For this reason, Removing Defendants have failed to establish the citizenship of Molson Coors Beverage Company USA, LLC (formerly known as MillerCoors LLC), and Molson Coors USA LLC (formerly known as MillerCoors USA LLC), and, as a result, have failed to meet their burden to establish the Court's diversity jurisdiction. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-226 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Benjamin Heard v. Molson Coors Beverage Co. USA, LLC, et al. | | |

actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity).

For the foregoing reasons, Removing Defendants have failed to meet their burden of establishing diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 20STCV46134, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.